UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**PERI DOMANTE,**

    Plaintiff,

v.                                                                                   Case No.:

**DISH NETWORKS, L.L.C.,**

                                                          **DEMAND FOR JURY TRIAL**

    **Defendant.**
_____/

**PLAINTIFF'S COMPLAINT
WITH INJUNCTIVE RELIEF SOUGHT**

**COMES NOW**, Plaintiff, **PERI DOMANTE** ("Ms. Domante" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Complaint and Demand for Jury Trial with Injunctive Relief Sought as against Defendant, **DISH NETWORKS, L.L.C.** ("Defendant"), and in support thereof states as follows:

*Introduction*

1. This is an action for actual, statutory, and punitive damages brought by Ms. Domante against Defendant for its negligent, willful and/or knowing violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA") by improperly pulling Ms. Domante's credit report and thereby breaching the Settlement Agreement as established between Ms. Domante and Defendant in October of 2016.

*Jurisdiction and Venue*

2. This Court has subject matter jurisdiction over the instant case under 28 U.S.C. §1331 pursuant to the federal question presented by the FCRA.

3. Jurisdiction of this Court also arises under 15 U.S.C. § 1681p as this is an appropriate United States District Court as described therein.

4. Venue lies in this District pursuant to 28 U.S.C. § 1391 (d), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## *Parties*

5. Plaintiff, Ms. Domante, was and is a natural person and, at all times material hereto, is an adult, a resident of Pinellas County, Florida, and a "consumer" as defined by 15 U.S.C. § 1681a (c).

6. At all times material hereto, Defendant was and is a foreign limited liability company with its principle place of business in the State of Colorado and its registered agent, CORPORATION SERVICE COMPANY, located at 1201 Hays Street, Tallahassee, Florida 32301-2525.

7. Further, at all times material hereto, Defendant is a "user" and "furnisher" of credit information as discussed in 15 U.S.C. §§ 1681-1681x.

## *Statements of Fact*

8. On November 19, 2015, Ms. Domante filed a complaint against Defendant for negligent and willful noncompliance with the FCRA. *See* M.D. Fla. Case No. 8:15-cv-02707-JDW-AAS ("FCRA Case").

9. By way of background, Ms. Domante's identity was stolen by defrauders who opened multiple accounts ("Fraudulent Accounts") with Defendant using Ms. Domante's social security number and other personal information over several years.

10. The FCRA Case arose out of Defendant's failure to supply accurate and truthful information regarding the Fraudulent Accounts to the credit reporting agencies.

11. Prior to each Fraudulent Account showing up on Ms. Domante's credit report, she would first notice a credit inquiry from Defendant.

12. In the FCRA Case, Defendant's Fraudulent Account inquiries showed up on Ms. Domante's credit reports on the following dates:

    a. January 23, 2013; and

    b. February 22, 2015.

13. On each of three occasions, Ms. Domante informed Defendant of the Fraudulent Accounts, Defendant acknowledged the Fraudulent Accounts, Defendant deleted the Fraudulent Accounts, and then another Fraudulent Account with Defendant would reappear on Ms. Domante's credit report despite this process.

14. The reappearance of yet another Fraudulent Account spurred Ms. Domante's filing of the FCRA Case against Defendant in hopes of stopping Defendant's continuous failure to supply accurate and truthful information regarding the Fraudulent Accounts to the credit reporting agencies.

15. Directly relevant to the present action, Paragraph 54 of Ms. Domante's Complaint in the FCRA Case states:

> "54. Ms. Domante is always anxious about the fact that the Fraudulent Account could appear on her credit file again at any time."

16. On October 13, 2016, Ms. Domante voluntarily dismissed the FCRA Case as against Defendant pursuant to a mutually agreed and executed confidential settlement agreement ("Settlement Agreement") between the parties. Due to the confidential nature of the Settlement Agreement, it is not attached hereto.

17. The Settlement Agreement states, in relevant part:

> "1. <u>Consideration</u>. In full consideration for the releases, covenants and other terms and conditions provided herein, DISH agrees to flag Plaintiff's social security number in order to preclude any persons from attempting to obtain new DISH services by utilizing Plaintiff's social security number."

18. Ms. Domante thought that her nightmare caused by Defendant's continuous failure to supply accurate and truthful information regarding the Fraudulent Accounts to the credit reporting agencies was finally over.

19. Unfortunately, Ms. Domante was wrong. Despite receiving multiple forms of notice regarding the Fraudulent Accounts over the years, including the FCRA Case and the subsequent execution of the Settlement Agreement, Defendant has continued to request and obtain Ms. Domante's credit report maintained by Equifax Information Services, LLC ("Equifax").

20. Specifically, on January 6, 2017, Ms. Domante accessed her Equifax credit report and was alarmed to notice that Defendant had a new credit inquiry on her credit report. **Exhibit A**.

21. Again, on January 13, 2017, Ms. Domante accessed her Equifax credit report and saw that Defendant's new credit inquiry remained on her credit report. **Exhibit B**.

22. Under information and belief, Defendant has obtained Ms. Domante's credit report from Equifax repeatedly since the October 13, 2016 Settlement Agreement.

23. At the time of each credit inquiry by Defendant, Ms. Domante's credit report reflected that she had no open accounts with Defendant.

24. At the time of each credit inquiry by Defendant, Ms. Domante's credit report reflected that she had no active account with Defendant.

25. Defendant's seemingly endless false reporting of the Fraudulent Accounts has caused Ms. Domante to suffer credit denials, embarrassment, mental anguish, and inconvenience over the past four years.

26. After a reasonable time to conduct discovery, Ms. Domante believes she can prove that all actions taken by Defendant as described in this complaint were taken willfully, with either the desire to harm Ms. Domante, with reckless disregard for Ms. Domante's rights and/or with knowledge that such actions were taken in violation of the law.

### *Count 1: Negligent Noncompliance with the FCRA, 15 U.S.C. § 1681b*

27. Ms. Domante re-alleges paragraphs 1-26 and incorporates the same herein by reference.

28. The "credit inquiry" information regarding Ms. Domante that was obtained by Defendant constitutes a "consumer report" as that term is defined in the FCRA.

29. The FCRA, 15 U.S.C. § 1681b, restricts a prospective user from obtaining a consumer report unless authorized by the subject consumer or unless the user has a "permissible purpose" as that term is defined and/or contemplated under the FCRA.

30. Subsequent to the October 13, 2016 Settlement Agreement, Defendant requested and obtained Ms. Domante's consumer report from Equifax.

31. Under information and belief, Defendant has requested and obtained Ms. Domante's consumer report from Equifax repeatedly since October 13, 2016.

32. On each such occasion that Defendant obtained a consumer report concerning Plaintiff subsequent to October 13, 2016, Defendant represented to Equifax that such access was authorized for a permissible purpose.

33. At times material hereto, Defendant had actual knowledge that:

    a. The Settlement Agreement provided that Defendant was to flag Ms. Domante's social security number in order to preclude any persons from attempting to obtain new DISH services by utilizing Ms. Domante's social security number;

    b. Ms. Domante had no accounts open or pending with Defendant; and

    c. Defendant was legally prohibited from pursuing any further collection regarding the Fraudulent Accounts.

34. At all times material hereto, Defendant had actual knowledge that Ms. Domante had no other accounts or the legal ability to open any such account with Defendant.

35. As such, on each occasion that Defendant requested and obtained a consumer report concerning Ms. Domante as described herein, Defendant had actual knowledge that it did not have a permissible purpose under the FCRA to obtain such information.

36. In requesting and obtaining Ms. Domante's credit information with actual knowledge that it did not have a permissible purpose to do so, Defendant negligently violated the FCRA for each such inquiry that it made.

37. After a reasonable time to conduct discovery, Ms. Domante believes that she can prove that all actions taken by employees, agents, or representatives of any type for Defendant were taken within the scope of such individuals' (or entities') employment, agency, or representation.

38. As a direct and proximate result of Defendant's violations of the FCRA, Ms. Domante has suffered for four years, and will continue to suffer, mental distress and emotional anguish stemming from the ongoing invasion of her privacy.

39. As a direct and proximate result of Defendant's violations of the FCRA, Ms. Domante has suffered for four years, and will continue to suffer, a waste of her time caused by having to continuously deal with improper credit reporting by Defendant.

40. As a direct and proximate result of Defendant's violations of the FCRA, Ms. Domante suffers stress and anxiety that a new Fraudulent Account will soon appear on her credit report after Defendant's January 6, 2017 and January 13, 2017 credit inquiries because every time she has previously noticed a credit inquiry from Defendant, a new Fraudulent Account would appear sometime thereafter. A new Fraudulent Account on Ms. Domante's credit report would negatively impact her credit worthiness and increase her cost of credit.

41. As a direct and proximate result of Defendant's violations of the FCRA, Ms. Domante's credit score has gone down due to the increase in number of credit inquiries, impacting her credit worthiness and increasing her cost of credit.

42. It has been necessary for Ms. Domante to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

43. All conditions precedent to this action have occurred.

   **WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

   a. Awarding actual damages pursuant to 15 U.S.C § 1681o (a) (1);

   b. Awarding attorneys' fees pursuant to 15 U.S.C § 1681o (a) (2);

   c. Awarding costs pursuant to 15 U.S.C § 1681o;

   d. Ordering an injunction preventing further wrongful contact by the Defendant; and

   e. Any other and further relief as this Court deems equitable.

### *Count 2: Willful Noncompliance with the FCRA, 15 U.S.C. § 1681b*

44. Ms. Domante re-alleges paragraphs 1-26 and incorporates the same herein by reference.

45. The "credit inquiry" information regarding Ms. Domante that was obtained by Defendant constitutes a "consumer report" as that term is defined in the FCRA.

46. The FCRA restricts a prospective user from obtaining a consumer report unless authorized by the subject consumer or unless the user has a "permissible purpose" as that term is defined and/or contemplated under the FCRA, 15 U.S.C. § 1681b.

47. Subsequent to the October 13, 2016 Settlement Agreement, Defendant requested and obtained Ms. Domante's consumer report from Equifax.

48. Under information and belief, Defendant has requested and obtained Ms. Domante's consumer report from Equifax repeatedly since October 13, 2016.

49. On each such occasion that Defendant obtained a consumer report concerning Plaintiff subsequent to October 13, 2016, Defendant represented to Equifax that such access was authorized for a permissible purpose.

50. At times material hereto, Defendant had actual knowledge that:

    a. The Settlement Agreement provided that Defendant was to flag Ms. Domante's social security number in order to preclude any persons from attempting to obtain new DISH services by utilizing Ms. Domante's social security number;

    b.  Ms. Domante had no accounts open or pending with Defendant; and

    c. Defendant was legally prohibited from pursuing any further collection regarding the Fraudulent Accounts.

51. At all times material hereto, Defendant had actual knowledge that Ms. Domante had no other accounts or the legal ability to open any such account with Defendant.

52. As such, on each occasion that Defendant requested and obtained a consumer report concerning Ms. Domante as described herein, Defendant had actual knowledge that it did not have a permissible purpose under the FCRA to obtain such information.

53. In requesting and obtaining Ms. Domante's credit information with actual knowledge that it did not have a permissible purpose to do so, Defendant willfully violated the FCRA for each such inquiry that it made.

54. After a reasonable time to conduct discovery, Ms. Domante believes she can prove that Defendant has received thousands of disputes from consumers like Ms. Domante, complaining of the practice of obtaining consumer reports on individuals without any permissible purpose to do so.

55. After a reasonable time to conduct discovery, Ms. Domante believes that she can prove that, despite their receipt of disputes from consumers, Defendant intentionally, knowingly, and/or recklessly choose not to correct their policies and procedures concerning access to consumer reports without any permissible purpose to do so.

56. After a reasonable time to conduct discovery, Ms. Domante believes she can prove that Defendant has engaged in a pattern and practice of unlawful conduct with respect to the accessing of consumer reports on individuals without any permissible purpose to do so.

57. After a reasonable time to conduct discovery, Ms. Domante believes that she can prove that all actions taken by employees, agents, or representatives of any type for Defendant were taken within the scope of such individuals' (or entities') employment, agency, or representation.

58. As a direct and proximate result of Defendant's violations of the FCRA, Ms. Domante has suffered for four years, and will continue to suffer, mental distress and emotional anguish stemming from the ongoing invasion of her privacy.

59. As a direct and proximate result of Defendant's violations of the FCRA, Ms. Domante has suffered for four years, and will continue to suffer, a waste of her time caused by having to continuously deal with improper credit reporting by Defendant.

60. As a direct and proximate result of Defendant's violations of the FCRA, Ms. Domante suffers stress and anxiety that a new Fraudulent Account will soon appear on her credit report because every time she has previously noticed a credit inquiry from Defendant, a new Fraudulent Account would appear sometime thereafter. A new Fraudulent Account on Ms. Domante's credit report would negatively impact her credit worthiness and increase her cost of credit.

61. As a direct and proximate result of Defendant's violations of the FCRA, Ms. Domante's credit score has gone down due to the increase in number of credit inquiries, impacting her credit worthiness and increasing her cost of credit.

62. Defendant's conduct reveals a conscious and reckless disregard of Ms. Domante's rights.

63. It has been necessary for Ms. Domante to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

64. All conditions precedent to this action have occurred.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

    a. Awarding actual damages pursuant to 15 U.S.C § 1681n (a) (1) (A);

    b. Awarding statutory damages in an amount of up to $1,000.00 per violation pursuant to 15 U.S.C § 1681n (a) (1) (B);

    c. Awarding attorneys' fees pursuant to 15 U.S.C § 1681n (a) (3);

    d. Awarding costs pursuant to 15 U.S.C § 1681n (a) (3);

    e. Awarding punitive damages pursuant to 15 U.S.C. § 1681n (a) (2);

    f. Ordering an injunction preventing further wrongful contact by the Defendant; and

    g. Any other and further relief as this Court deems equitable.

### *Count 3: Breach of Contract*

65. Ms. Domante re-alleges paragraphs 1-26 and incorporates the same herein by reference.

66. The Settlement Agreement is a valid contract because it was negotiated by both parties and signed by both parties with the intent to be bound thereto.

67. The Settlement Agreement states, in relevant part:

> "1. <u>Consideration</u>. In full consideration for the releases, covenants and other terms and conditions provided herein, DISH agrees to flag Plaintiff's social security number in order to preclude any persons from attempting to obtain new DISH services by utilizing Plaintiff's social security number."

68. Defendant materially breached the Settlement Agreement by requesting and obtaining Ms. Domante's credit report maintained by Equifax Information Services, LLC ("Equifax") despite explicitly agreeing to flag Ms. Domante's social security number so as to prevent any person from opening an account with Defendant using Ms. Domante's social security number.

69. Under information and belief, Defendant's credit inquiry was the result of a person attempting to open an account with Defendant using Ms. Domante's social security number.

70. As a direct and proximate result of Defendant's material breach of the Settlement Agreement, Ms. Domante has been damaged because her credit score has gone down due to the increase in number of credit inquiries, negatively impacting her credit worthiness and increasing the cost of new credit.

71. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

      a. Awarding actual damages;

      b. Awarding costs and attorneys' fees; and

      c. Any other and further relief as this Court deems equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, **PERI DOMANTE**, demands a trial by jury on all issues so triable.

Respectfully submitted this **February 13, 2017**,

          */s/  Michael A. Ziegler*
          Michael A. Ziegler, Esq.
          Trial Counsel for Plaintiff
          FBN:  74864
          Law Office of Michael A. Ziegler, P.L.
          13575 58th Street North, Suite 129
          Clearwater, FL 33760
          (p)  (727) 538-4188
          (f)  (727) 362-4778
          mike@zieglerlawoffice.com


          */s/  Kaelyn Steinkraus*
          Kaelyn Steinkraus, Esq.
          Trial Counsel for Plaintiff
          FBN:  125132
          Law Office of Michael A. Ziegler, P.L.
          13575 58th Street North, Suite 129
          Clearwater, FL 33760
          (p)  (727) 538-4188
          (f)  (727) 362-4778
          kaelyn@zieglerlawoffice.com