**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**PERI DOMANTE,**

     **Plaintiff,**

**v.**                                                    **Case No. 8:17-cv-00472-EAK-MAP**

**DISH NETWORKS, L.L.C.,**

     **Defendant.**
_____/

**PLAINTIFF'S MOTION TO ENLARGE DISCOVERY DEADLINE TO COMPLETE**
**LIMITED DISCOVERY AND INCORPORATED MEMORANDUM OF LAW**

     **COMES NOW**, Plaintiff, **PERI DOMANTE** ("Mrs. Domante" or "Plaintiff"), by and

through the undersigned counsel, and hereby moves this Court to enlarge the current discovery

deadline of December 15, 2017 to complete limited discovery, and in support thereof states as

follows:

**I. Certification**

1.  Pursuant to Local Rule 3.01 (g), Plaintiff's counsel has conferred with counsel for Defendant

    in regards to the filing of this Plaintiff's Motion to Enlarge Discovery Deadline to Complete

    Limited Discovery ("Motion") and hereby certifies that Defendant:

    a.  agrees to the resolution of this Motion with respect to Plaintiff's request to enlarge the

        discovery deadline of December 15, 2017 ("Discovery Deadline") to preserve

        Plaintiff's ability to seek Defendant's financial information responsive to Plaintiff's

        First Requests Production numbered 14 and 15; and

    b.  disagrees as to the resolution of this Motion with respect to Plaintiff's request to

        enlarge the Discovery Deadline to allow Plaintiff to seek information responsive to

her narrowed scope of Plaintiff's Second Requests for Production numbered 2 and 3 as stated in Plaintiff's Motion for Order Compelling Defendant's Responses to Plaintiff's Second Requests for Production (Doc. No. 36).

## II. Relevant Background Facts and Procedural History

2. On February 24, 2017, Plaintiff filed her Complaint in the instant action (Doc. No. 1).

3. On May 3, 2017, the Court entered the Case Management and Scheduling Order, which designated the Discovery Deadline as December 15, 2017 (Doc. No. 13).

4. On November 8, 2017, Plaintiff served Plaintiff's Second Requests for Production on Defendant.

5. On November 15, 2017, the parties attended a hearing on three motions that had been filed.

6. After the hearing, the Court entered an Order stating, in relevant part:

> (3) Plaintiff's Motion for Order Compelling Defendant's Responses to Plaintiff's First Interrogatories and Requests for Production (Doc. 22) is . . . DENIED without prejudice as to Requests for Production No. 14 and 15.

(emphasis added) Doc. No. 30.

7. On December 8, 2017, Defendant served on Plaintiff its Response to Plaintiff's Second Request for Production.

8. Defendant did not provide any documentation responsive to Plaintiff's Second Requests for Production with its Response.

9. Plaintiff and Defendant conferred regarding Defendant's failure to produce responsive documentation.

10. During the parties' conferral, Plaintiff narrowed the scope of Plaintiff's Second Requests for Production numbered 2 and 3 in a good faith attempt to resolve the discovery dispute without Court intervention to only seek:

a.  Plaintiff's "consumer file" that is created and maintained for seven years after Plaintiff's identity theft complaint was initially sent to Defendant; and

b.  documentation showing how the prior applications for Defendant's services were submitted (i.e. by phone, internet, vendor, etc.).

11. Despite Plaintiff's attempt, the parties could not reach an agreement.

12. Accordingly, on December 14, 2017, Plaintiff filed her Motion for an Order Compelling Defendant's Responses to Plaintiff's Second Requests for Production and Incorporated Memorandum of Law (Doc. No. 36).

13. On December 14, 2017, The Court entered its Order denying Defendant's Motion to Dismiss in its entirety (Doc. No. 37).

14. Plaintiff will immediately meet and confer with Defendant to obtain the financial information responsive to Plaintiff's First Requests for Production No. 14 and 15 and requests the enlargement of time herein to allow for the Defendant to provide the same.

### III. Memorandum of Law

Plaintiff has shown good cause to support enlarging the Discover Deadline to complete limited discovery because Plaintiff served the four relevant discovery requests with more than enough time to receive responsive information prior to the Discovery Deadline, the Court denied without prejudice Plaintiff's Motion for Order Compelling Defendant's Responses to Plaintiff's First Requests for Production numbered 14 and 15, the Court denied Defendant's Motion to Dismiss, and Plaintiff filed her Motion for an Order Compelling Defendant's Responses to Plaintiff's Second Requests for Production and Incorporated Memorandum of Law prior to the Discovery Deadline. In cases where a scheduling order has been entered, such "schedule shall

not be modified except upon a showing of good cause [.]" *Mount Vernon Fire Ins. Co. v. Nat'l Fire Ins. Co. of Hartford*, No. 8:07-CV-1593-T-24EAJ, 2008 WL 2397606, at *2 (M.D. Fla. June 10, 2008) (citing Fed. R. Civ. P. 16 (b)).

Additionally, Rule 6 of the Federal Rules of Civil Procedure states, in relevant part:

> (b) Extending Time.
> (1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:
> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires;
> . . .

Extensions of time may always be asked for and usually are granted on showing of good cause if timely made under subdivision (b) (1) of this rule. *Creedon v. Taubman*, 8 F.R.D 268, 269 (N.D. Ohio 1947). While the Federal Rules of Civil Procedure do not define "good cause," case law has created a definition across the various Federal Rules that require a showing of "good cause" for the court to provide the requested relief. For example, good cause exists when some outside factor rather than inadvertence or negligence prevented service of a complaint. *Lepone-Dempsey v. Carroll Cty. Comm'rs*. 476 F.3d 1277, 1281 (11th Cir. 2007) (internal citations omitted). Further, good cause under Fed. R. Civ. P. 16 (b) requires a showing that the scheduling order cannot "be met despite the diligence" of the moving party. *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1419 (11th Cir. 1998).

Here, Plaintiff has shown good cause where Plaintiff served the four relevant discovery requests with more than enough time to receive responsive information prior to the Discovery Deadline, the Court denied without prejudice Plaintiff's Motion for Order Compelling Defendant's Responses to Plaintiff's First Requests for Production numbered 14 and 15, the Court denied Defendant's Motion to Dismiss, and Plaintiff filed her Motion for an Order Compelling Defendant's Responses to Plaintiff's Second Requests for Production and

Incorporated Memorandum of Law prior to the Discovery Deadline. Plaintiff only seeks to enlarge the Discovery Deadline to complete limited discovery – specifically, four outstanding discovery requests: Plaintiff's First Requests for Production numbered 14 and 15 and the narrowed scope of Plaintiff's Second Requests for Production numbered 2 and 3. The narrowed scope of Plaintiff's Second Requests for Production numbered 2 and 3 includes: 1.) Mrs. Domante's "consumer file" that is created and maintained for seven years after Mrs. Domante's identity theft complaint was initially sent to Defendant; and 2.) documentation showing how the prior applications for Defendant's services were submitted (i.e. by phone, internet, vendor, etc.).

The outstanding information responsive to Plaintiff's First Requests for Production numbered 14 and 15 and the narrowed scope of Plaintiff's Second Requests for Production numbered 2 and 3 is relevant and material to Plaintiff's claims in the instant action. Plaintiff has submitted her Motion prior to the Discovery Deadline and cannot meet the discovery deadline with respect to the responses to these limited Requests despite her due diligence.

**WHEREFORE**, Plaintiff, **PERI DOMANTE**, respectfully requests that this Court enter an Order granting this Motion and enlarging the Discovery Deadline to allow Plaintiff to complete limited discovery as follows:

a. Thirty days from the Discovery Deadline to obtain information responsive to Plaintiff's First Requests for Production numbered 14 and 15;

b. One week from the date that the Court enters its order on Plaintiff's Motion for Order Compelling Defendant's Responses to Plaintiff's Second Requests for Production (Doc. No. 36); and

c. Providing any other and further relief this Court deems just and equitable under the premise.

Respectfully submitted on this **14** day of **December, 2017**

*/s/ Michael A. Ziegler*
Michael A. Ziegler, Esq.
Florida Bar No. 74864
mike@zieglerlawoffice.com

*/s/ Kaelyn Steinkraus*
Kaelyn Steinkraus, Esq.
Florida Bar No. 125132
kaelyn@zieglerlawoffice.com

Law Office of Michael A. Ziegler, P.L.
13575 58th Street North, Suite 129
Clearwater, FL 33760
(p)  (727) 538-4188
(f)  (727) 362-4778
Attorneys and Trial Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this **14** day of **December, 2017**, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Kaelyn Steinkraus*
Kaelyn Steinkraus, Esq.
Florida Bar No. 125132