**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**PERI DOMANTE,**

      **Plaintiff,**

**v.**                             **Case No. 8:17-cv-00472-EAK-MAP**

**DISH NETWORK, L.L.C.,**

      **Defendant.**

_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S**
**MOTION _IN LIMINE_ AND INCORPORATED MEMORANDUM OF LAW**

**COMES NOW**, Plaintiff, **PERI DOMANTE** ("Mrs. Domante" or "Plaintiff"), by and through the undersigned counsel, and hereby files this Response in Opposition to the Motion _in Limine_ (Doc. 100) (hereinafter "Defendant's Motion"), and in support thereof states as follows:

### I.  INTRODUCTION

The Court should deny Defendant's Motion _in Limine_ that seeks to preclude evidence concerning two prior accounts opened by Defendant using Mrs. Domante's personal information ("Prior Accounts"). Evidence concerning the Prior Accounts is admissible under Fed. R. Evid. Rules 402 and 403 where such evidence is expected to show that: 1.) Defendant knew that unknown individual(s) had previously submitted applications using Mrs. Domante's personal information without her authorization that caused Defendant to open the Prior Accounts, proving the "knowledge" requirement of Mrs. Domante's claims under the FCRA, 15 U.S.C. § 1681b; 2.) Defendant knew that the Prior Accounts' applications were submitted online and therefore knew that Defendant's internal "flag" mechanism required under the Settlement Agreement was insufficient because the "flag" allowed for individuals to attempt to obtain Defendant's services by utilizing Mrs. Domante's social security number when submitting online applications; 3.)

based upon the history of Defendant's credit inquiries showing up on Mrs. Domante's consumer report immediately before Defendant opened each of the Prior Accounts, Defendant knew that protecting Mrs. Domante from future impermissible credit inquiries – the "attempt" to obtain Defendant's services – was a material term of the Settlement Agreement; and 4.) Mrs. Domante has suffered actual damages as a direct and proximate result of Defendant requesting and obtaining her consumer report in January of 2017 and January of 2018 without a permissible purpose due to her fear that the circumstances surrounding the Prior Accounts have started all over again.

Mrs. Domante respectfully submits that the Court has already considered the relevance and materiality of the evidence concerning the Prior Accounts, and found these issues to weigh in favor of the Plaintiff (Doc. No. 87, "Order"). Based on the foregoing, Defendant's Motion should be denied in its entirety.

## II. PROFFER OF ANTICIPATED EVIDENCE

At trial, Mrs. Domante anticipates introducing exhibits concerning the Prior Accounts identified in her Plaintiff's Exhibit List attached to the Joint Pretrial Statement as Exhibit B (Doc. No. 101-2). Mrs. Domante also anticipates introducing testimony regarding the Prior Accounts to show that Mrs. Domante had contacted Defendant multiple times over the years to alert Defendant that Mrs. Domante was a victim of identity theft and was not the individual(s) submitting applications for Defendant's services, that Mrs. Domante undertook a significant amount of time and emotional distress in dealing with the Prior Accounts, that the prior applications for Defendant's services that caused the Prior Accounts to be opened were submitted online, that the Prior Accounts were ultimately submitted to collections, and that the

circumstances surrounding the Prior Accounts caused Mrs. Domante to fear that Defendant's January of 2017 and January of 2018 credit inquiries made the whole process start all over again.

### III.   MEMORANDUM OF LAW

Defendant's Motion *in Limine* should be denied in full because evidence regarding the Prior Accounts is relevant and material to: 1.) proving the "knowledge" requirement of the FCRA, 15 U.S.C. § 1681b, when Defendant knew that attempts prior to January of 2017 had been made using Mrs. Domante's personal information to apply for and open fraudulent accounts with Defendant; 2.) proving that Defendant materially breached the Settlement Agreement where Defendant implemented its "flag" mechanism on Mrs. Domante's social security number in a way that would not prevent online applications using Mrs. Domante's social security number from processing through its systems when Defendant knew that the Prior Accounts' applications for Defendant's services had all been submitted online; and 3.) proving that Mrs. Domante has suffered actual damage as a result of Defendant's actions due to her fear that the circumstances surrounding the Prior Accounts have started all over again.

### 1.   Evidence regarding the Prior Accounts is relevant and material to proving the "knowledge" requirement of FCRA, 15 U.S.C. § 1681b.

Evidence regarding Prior Accounts is directly relevant and material to proving that Defendant had no "reason to believe" that it intended to use Mrs. Domante's information in connection with a credit transaction involving Mrs. Domante in violation of the FCRA. To maintain a claim for impermissibly accessing an individual's consumer report, the plaintiff must show that: i.) there was a 'consumer report' within the meaning of the statute, ii.) the defendant used or obtained it, and iii.) the defendant did so without a permissible statutory purpose. *Meeks v. Murpy Auto Group, Inc.*, No. 8:09-cv-1050-T-TBM, 2009 WL 3669638, at *3 (M.D. Fla. Oct.

30, 2009); *Bickley v. Dish Network, LLC*, 751 F.3d 724, 728 (6th Cir. 2014). Plaintiff must also

show that the defendant acted with the specified level of culpability. *Id.*

Under the FCRA, 15 U.S.C. § 1681b, the relevant "permissible purposes" for a credit

inquiry are as follows:

> (a) In general. . .any consumer reporting agency may furnish a consumer
> report under the following circumstances **and no other**:
> . . .
>> (3) To a person which it **has reason to believe** –
>>> (A) intends to use the information in connection with a
>>> credit transaction involving the consumer on whom the
>>> information is to be furnished and involving the extension
>>> of credit to, or review or collection of an account of the
>>> consumer."

Further, FCRA, 15 U.S.C. § 1681b, states, in relevant part:

> (f) Certain use or obtaining of information prohibited
>> A person **shall not** use or obtain a consumer report for any purpose
> unless –
>>> (1) **the consumer report is obtained for a purpose for which the
>>> consumer report is authorized to be furnished under this
>>> section**; and
>>> (2) the purpose is certified in accordance with section 1681e of this
>>> title by a prospective user of the report through a general or
>>> specific certification. (emphasis added)

In short, a defendant is in violation of the FCRA, 15 U.S.C. U.S.C. §1681b, when it

obtains a consumer plaintiff's credit report when that defendant reasonably should have known

that the consumer had not initiated the business transaction with the defendant. *See Cappetta v.

GC Services Ltd. P'ship*, 654 F.Supp.2d 453, 461 (E.D. Va. 2009); *see also Rand v. Citibank,

N.A.*, No. 14-cv-04772 NC, 2015 WL 510967, at *4 (N.D. Cal. Feb. 6, 2015) (denying

defendant's motion to dismiss consumer plaintiff's FCRA claim where a consumer plaintiff

alleges that a user defendant obtained his consumer report in response to an identity thief's

application and the user defendant "knew or should have known" the consumer plaintiff did not

initiate credit transaction himself); *Andrews v. TRW, Inc.*, 225 F.3d 1063, 1067 (9th Cir. 2000), rev'd on other grounds, 534 U.S. 19 (2001) (reasoning that it was "reluctant to conclude that Congress meant to harness any consumer to any transaction where any crook chose to use his or her [social security number]."); *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 675 (9th Cir. 2010) (citing *Stergiopoulos v. First Midwest Bancorp, Inc.*, 427 F.3d 1043, 1047 (7th Cir. 2005) to hold that 15 U.S.C. § 1681b(a)(3)(A) can be relied upon by the party requesting a credit report "only if the consumer initiates the transaction.").

Here, the admissible material facts regarding the Prior Accounts show that Defendant had *no reason to believe* that it intended to use Mrs. Domante's consumer report in connection with a credit transaction involving Mrs. Domante, involving the extension of credit to Mrs. Domante, or for a business transaction *initiated by* Mrs. Domante because Defendant knew from the parties' prior dealings over several years regarding the Prior Accounts that Mrs. Domante could not initiate a business transaction to open an account with Defendant. Defendant processed the application that caused the January of 2017 credit inquiry and obtained Mrs. Domante's credit report anyway, in violation of the FCRA, 15 U.S.C. §1681b. Accordingly, Defendant's Motion *in Limine* should be denied because evidence regarding the Prior Accounts is necessary and essential to proving Plaintiff's claims and any minimal prejudice to Defendant is substantially outweighed by the evidence's probative value. Finally, evidence regarding the Prior Accounts will only clarify the issues and guide the jury in deciding whether Defendant had reason to know that it had no permissible purpose to obtain Mrs. Domante's consumer report in January of 2017 and January of 2018.

**2.** <u>**Evidence regarding the Prior Accounts is relevant and material to**</u>
<u>**proving that Defendant breached the Settlement Agreement.**</u>

Evidence regarding the Prior Accounts is directly relevant and material to proving that Defendant breached the Settlement Agreement by failing to put in place a "flag" sufficient to "preclude any persons from attempting to obtain new DISH services by utilizing Plaintiff's social security number" in an online application when Defendant knew that the prior applications for its services using Mrs. Domante's social security number had been submitted online.

A claim for Breach of Contract requires: (1) the existence of a contract, (2) a breach of the contract, and (3) damages. *AVVA-BC, LLC v. Amiel*, 25 So.3d 7, n.3 (Fla. 3d DCA 2009) (citing *Rollins, Inc. v. Butland*, 951 So. 2d 860, 876 (Fla. 2d DCA 2006)). Under Florida law, to demonstrate a material breach of contract, plaintiff must prove that defendant failed to perform a duty that goes to the essence of the contract. *Focus Management Group USA, Inc. v. King*, 171 F.Supp.3d 1291, 1297 (M.D. Fla. 2016). Damages recoverable by a party injured by a breach of contract are those which would naturally result from the breach and can reasonably be said to have been contemplated by the parties at the time the contract was made. *See Sharick v. Southeastern University of Health Sciences, Inc.*, 780 So.2d 136, 139 (Fla. 3d DCA 2000) (citing *Douglass Fertilizers & Chem, Inc. v. McClung Landscaping, Inc.*, 459 So.2d 335, 336 (Fla. 5th DCA 1984).

Here, The Settlement Agreement provides, in relevant part:

> "1. <u>Consideration</u>. In full consideration for the releases, covenants and other terms and conditions provided herein, DISH agrees to flag Plaintiff's social security number in order to preclude any persons from attempting to obtain new DISH services by utilizing Plaintiff's social security number."

Doc. No. 1, ¶ 17, "Settlement Provision."

The Settlement Provision can be divided into two contractual obligations by Defendant: a.) Defendant's stated obligation to flag the Plaintiff's social security number, and 2.) to implement the flag in a way to accomplish the stated purpose, "to preclude *any* person from *attempting* to obtain new DISH services by utilizing Plaintiff's social security number."

The fraudulent applications attempting to obtain new DISH services that caused Defendant's January of 2017 and January of 2018 credit inquiries were submitted online using, among other information, Mrs. Domante's date of birth and the last four digits of her social security number. Evidence regarding the Prior Accounts shows that every single prior application for Defendant's services using Mrs. Domante's social security number was submitted online.

To prove that Defendant materially breached the Settlement Agreement by failing to flag Mrs. Domante's social security number in such a way as to preclude any person from attempting to obtain new DISH services by using Mrs. Domante's social security number in an online application, Mrs. Domante has to prove that Defendant's failure goes to the essence of the contract. Further, to recover damages for breach of contract, Mrs. Domante must prove that Defendant reasonably contemplated, at the time of entering into the Settlement Agreement, that Mrs. Domante could have suffered damage by a fraudulent online application attempting to obtain new DISH services by using Mrs. Domante's social security number. Accordingly, Evidence regarding the Prior Accounts shows that Defendant knew that its "flag" was insufficient to meet its obligations under the Settlement Agreement, is necessary and essential to proving Plaintiff's breach of contract claim, and any minimal prejudice to Defendant is substantially outweighed by the evidence's probative value. Finally, evidence regarding the Prior

Accounts will only clarify the issues and guide the jury in deciding whether Defendant breached the Settlement Agreement.

**3.** **Evidence regarding the Prior Accounts is relevant and material to proving that Defendant willfully violated the FCRA and Mrs. Domante has suffered damage as a result of Defendant's actions.**

The Supreme Court of the United States has held that liability for a defendant "willfully" failing to comply with the FCRA extends not only to acts known to violate the FCRA, but also to a defendant's *reckless disregard of its statutory duties* under the FCRA. *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 59-60 (2007); see also *Cappetta*, 654 F. Supp. 2d at 461 (holding that plaintiff sufficiently plead that the creditor *willfully* and *intentionally* violated the FCRA by alleging facts that occurred *prior* to Defendant obtaining the credit report can establish that defendant knew or should have known that plaintiff had not initiated the account. (emphasis added)).

**a.** **Evidence regarding the Prior Accounts proves that Defendant acted willfully with a reckless disregard of its statutory duties under the FCRA.**

Here, Defendant's reckless disregard of its statutory duties under the FCRA is shown through the evidence regarding the Prior Accounts that, *prior* to Defendant obtaining Mrs. Domante's credit report in response to the January of 2017 and January of 2018 credit inquiries, Defendant knew of the Prior Accounts and its obligations under the Settlement Agreement. Evidence regarding the Prior Accounts will show that Defendant knew that unknown individual(s) had previously submitted online applications to Defendant using Mrs. Domante's personal information without Mrs. Domante's authorization. The evidence will show that Defendant knew these unauthorized online applications resulted in the Prior Accounts being opened and ultimately placed in collections under Mrs. Domante's name. In spite of Defendant's

knowledge, Defendant knowingly implemented its flagging procedure in a way that allowed online applications attempting to obtain Defendant's services to bypass its "flag" and allowed Defendant to obtain Mrs. Domante's consumer report.

Consequently, evidence regarding the Prior Accounts shows that Defendant recklessly disregarded its statutory obligations under FCRA, 15 U.S.C. §1681b, and obtained Mrs. Domante's consumer report when it knew that it did not have a permissible purpose to do so. *See Safeco Ins. Co. of America*, 551 U.S. at 59-60. Accordingly, Defendant's Motion *in Limine* should be denied because evidence regarding the Prior Accounts is necessary and essential to proving Plaintiff's claim that Defendant willfully violated the FCRA and any minimal prejudice to Defendant is substantially outweighed by the evidence's probative value. Finally, evidence regarding the Prior Accounts will only clarify the issues and guide the jury in deciding whether Defendant recklessly disregarded its statutory duties under the FCRA based on what Defendant knew *prior* to Defendant obtaining Mrs. Domante's credit report in response to the January of 2017 and January of 2018 credit inquiries.

> **b. Evidence regarding the Prior Accounts proves that Mrs. Domante is entitled to actual and punitive damages.**

As stated in detail above, evidence regarding the Prior Accounts is necessary to prove that Defendant has willfully violated FCRA where, *prior* to Defendant obtaining Mrs. Domante's credit report in response to the January of 2017 and January of 2018 credit inquiries, Defendant knew about the Prior Accounts. Evidence showing the efforts and distress undertaken by Mrs. Domante in dealing with the Prior Accounts is also necessary to show that Mrs. Domante is entitled to actual and punitive damages caused by Defendant's January of 2017 and January of 2018 credit inquiries.

In *Levine v. World Fin. Network Nat. Bank,* 437 F.3d 1118, 1123-25 (11th Cir. 2006), the Eleventh Circuit cited a number of decisions holding that a consumer plaintiff's claim for actual or compensatory damages under FCRA may include compensation for emotional distress in the absence of physical injury or out-of-pocket expenses. *Id.* (internal citations omitted); *Lawrence v. Trans Union, LLC*, 296 F.Supp.2d 582, 588-89 (E.D. Penn. 2003) (holding that it is not necessary for plaintiff to state her emotional damages of humiliation and embarrassment with a great degree of particularity and relying on plaintiff's sworn testimony of emotional damages to deny defendant's motion for summary judgment as to plaintiff's FCRA claim); *Sheffer v. Experian,* No. CIV.A. 02-7407, 2003 WL 21710573, at *3 (E.D. Penn. July 24, 2003) (finding unpersuasive defendant's argument that it is entitled to summary judgment on plaintiff's FCRA claim because plaintiff had not produced any evidence of actual damages when the plaintiff had testified that he suffered emotional distress as a result of defendant's actions); *Acton v. Bank One Corp.*, 293 F.Supp.2d 1092, 1100-01 (D. Ariz. 2003) (denying defendant's motion for summary judgment when the injured party's testimony that defendant's actions caused emotional distress alone was sufficient to create a question for the jury) (citing *Kronstedt v. Equifax, et. al.*, No. 01-C-0052-C, 2001 WL 34124783, at *13 (W.D. Wis. Dec. 14, 2001) (holding that "the evaluation of plaintiff's emotional distress claim is a task best left for the jury" when plaintiffs' testimony was the sole evidence of emotional distress)); *Llewellyn v. Allstate Home Loans, Inc.*, 711 F.3d 1173, 1181-83 (10th Cir. 2013) (finding corroboration of plaintiff's testimony unnecessary, noting that no circuit court has held to the contrary); *Cortez v. Trans Union, LLC*, 617 F.3d 688, 720 (3d Cir. 2010) ("If a jury accepts testimony of a plaintiff that establishes an injury without corroboration, the plaintiff should be allowed to recover under the FCRA."); *Van Veen v. Equifax Info.*, 844 F.Supp.2d 599, 610 (E.D. Penn. 2012) (same).

Here, evidence regarding the Prior Accounts will show that Defendant's January of 2017 and January of 2018 credit inquiries have caused Mrs. Domante to lose sleep and suffer anxiety, aggravation, and frustration for fear that the "snowball effect" from her prior dealings with Defendant has been caused again. Evidence regarding the Prior Accounts is necessary to prove that the "snowball effect" caused Mrs. Domante to suffer from the Prior Accounts being placed in collections, having to spend countless hours corresponding with Defendant in attempts to close the Prior Accounts, spending countless hours to dispute the Prior Accounts with the credit reporting agencies, placing an extended fraud alert on all her consumer reports, filing a police report, filing a Complaint with the Federal Trade Commission, and dealing with the constant emotional distress of Prior Accounts being opened in her name with Defendant.

Evidence regarding the Prior Accounts is also relevant and material to proving that Mrs. Domante is entitled to recover punitive damages pursuant to 15 U.S.C. §1681(a) (2) to be determined by the jury. *See Levine*, 437 F.3d at 1124-25; *Bakker v. McKinnon*, 152 F.3d 1007, 1013 (8th Cir. 1998) (upholding jury's award of actual and punitive damages when appellees testified "about how they felt when appellant obtained their credit reports and violated their privacy, thereby causing them some emotional distress" "even in the absence of out-of-pocket expenses or costs incurred."); *Harris v. Mexican Specialty Foods, Inc.*, 564 F.3d 1301, 1306 (11th Cir. 2009).

Accordingly, Defendant's Motion *in Limine* should be denied because evidence regarding the Prior Accounts is necessary and essential to proving Mrs. Domante's claim to actual and punitive damages and any minimal prejudice to Defendant is substantially outweighed by the evidence's probative value. Finally, evidence regarding the Prior Accounts will only clarify the issues and guide the jury in deciding whether Mrs. Domante is entitled to actual and punitive

damages for fear that the "snowball effect" caused by the Prior Accounts has started again as a result of Defendant's January of 2017 and January of 2018 credit inquiries.

**WHEREFORE**, Plaintiff, **PERI DOMANTE**, hereby respectfully requests that this Court deny Defendant's Motion *in Limine*, find that evidence regarding the Prior Accounts is admissible and necessary to proving Plaintiff's claims, and provide any other and further relief deemed just and equitable under the premise.

Respectfully submitted on this **25**[th] day of **June, 2018**,

*/s/  Kaelyn Steinkraus*
Kaelyn Steinkraus, Esq.
Florida Bar No. 125132
kaelyn@zieglerlawoffice.com

*/s/ Michael A. Ziegler*
Michael A. Ziegler, Esq.
Florida Bar No. 74864
mike@zieglerlawoffice.com

Law Office of Michael A. Ziegler, P.L.
13575 58th Street North, Suite 129
Clearwater, FL 33760
(p)  (727) 538-4188
(f)  (727) 362-4778
*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this **25**th day of **June, 2018**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.


<u>/s/  Kaelyn Steinkraus</u>
Kaelyn Steinkraus, Esq.
Florida Bar No. 125132